## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM NELSON | : | |
| 4903 Eland Downe | : | |
| Phoenixville, PA 19460 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: |
| v. | : | |
| | : | |
| BEYOND MEAT, INC. d/b/a | : | **JURY TRIAL DEMANDED** |
| BEYOND MEAT | : | |
| 119 Standard Street | : | |
| El Segundo, CA 90245 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Raheem Nelson (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Plaintiff against Beyond Meat, Inc. (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he was unlawfully suspended and terminated from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA and Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and Title VII.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the ADA, Title VII, and Section 1981.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant is an entity based at above-referenced address which produces plant-based meat substitutes. Defendant also operates out of a location at 1 Fillippo Way, Devault, PA 19432, where Plaintiff worked.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a black, African-American male.

12.     Plaintiff was hired by Defendant on or about January 10, 2022 as a Machine Operator.

13.     Throughout his tenure with Defendant, Plaintiff was a dedicated and hard-working employee who performed his job well.

14.     Unfortunately, however, while employed with Defendant, Plaintiff witnessed and was subjected to pervasive discriminatory treatment based on race throughout his employment.

15.     During Plaintiff's employment, more than **90%** of the workforce within Defendant at any given time was Hispanic. Plaintiff worked with nearly all Hispanic staff, reported to Hispanic management, and Defendant's primary human resources contact was Hispanic.

16.     Despite Defendant's Devault, PA location having more than 90% of its workforce being made up of Hispanic employees, the demographics within Devault, PA (geographically) are approximately 75% Caucasian **and only 2% Hispanic**. The demographics in Montgomery

3

County (geographically) overall are approximately 80% Caucasian **and** **only** **5% Hispanic**. As to Devault and Montgomery County, African Americans have higher representation than Hispanics. Despite these overwhelming geographic demographics, Defendant populates its entire facility with nearly all Hispanics. It is well established nationally that this type of statistical evidence amply demonstrates intentional discrimination that is clearly contrary to the relevant labor pool.

17.    Within its Devault, PA location, Defendant created and/or permitted a culture of pervasive discrimination, which included ostracism and segregation of non-Hispanic employees. The primary language spoken in Plaintiff's workplace was Spanish. Spanish employees pointed at, laughed at, and mocked black (and non-Hispanic) employees. Meetings were held in Spanish, and non-Hispanics were excluded from discussions and relevant information.

18.    Defendant also instituted a system of selecting Hispanic employees for retention over other non-Hispanic employees. Of the few African-American employees actually working within Defendant, they were not typically there by choice of Defendant. Instead, they appeared to be utilized through a temp agency wherein they were brought in due to volume of labor required through a third party, but Defendant would typically cease using those African-American employees through such temp agencies, while retaining Hispanic employees.

19.    Moreover, non-Hispanic employees were not permitted to perform tasks that would result in them being brought on full time or to engage in duties for advancement, as Defendant's system was geared towards making Hispanics full-time and giving them more permanent or lucrative roles. By way of illustrative example, an African-American employee with substantial forklift experience would be brought in but not be permitted to do any such work

while Hispanics with no prior experience would disparately receive training to start performing such roles.

20.     Non-Hispanic employees, such as Plaintiff, were further disparately treated in a rude and condescending manner, nitpicked, given less favorable tasks, and had policies selectively enforced against them on a consistent basis.

21.     As a result of the discriminatory treatment that Plaintiff was subjected to, leading up to Plaintiff's separation from employment, Plaintiff informed management and human resources personnel that he felt there was racial discrimination, racial segregation, and racial unfairness within Defendant's workplace.

22.     Upon information and belief, however, Defendant never properly investigated or resolved Plaintiff's aforesaid concerns of racial discrimination and he continued to be subjected to discriminatory harassment.

23.     During this same timeframe, on or about March 14, 2022, Plaintiff also suffered a work-related injury to his back.

24.     As a result of Plaintiff's injury and related complications, Plaintiff is (at times) limited in his ability to perform some daily life activities, including but not limited to working and performing manual tasks.

25.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, but required reasonable accommodations.

26.     Plaintiff reported his work-related injuries and workers' compensation needs to Defendant's management and Human Resources, as Plaintiff required follow-up treatment for the same.

27.     Specifically, following his injury on or about March 14, 2022, Plaintiff visited Defendant's Worker's Compensation Panel Physician.

28.     Plaintiff was placed out of work until on or about March 18, 2022 and was recommended to perform light duty work as a result of his conditions, which limitations and accommodation requests he conveyed to Defendant's management and HR.

29.     On or about March 18, 2022, Plaintiff returned to work for Defendant, but was quickly restored to the Machine Operator position, in clear disregard for Plaintiff's limitations and accommodation requests.

30.     Thereafter, as Plaintiff continued to be subjected to discriminatory treatment, on or about March 22, 2022, Plaintiff again complained to Defendant's management that he was being discriminated against and harassed based on his race, without receiving any follow up in response.

31.     On or about March 25, 2022, Plaintiff was then approached and abruptly informed that he was being suspended from his employment, without clear indication as to why.

32.     Following his suspension, Plaintiff repeatedly sought the status of his employment and elevated additional claims of racial discrimination.

33.     Tellingly, Defendant made no effort to follow up with Plaintiff regarding his serious concerns until late April 2022 when he received contact from Brandon Wheatley, Defendant's Employee Relations and HR Compliance Manager. After Plaintiff again relayed his discrimination concerns to Wheatley, Wheatley agreed with Plaintiff that there were racial concerns within the workplace that needed to be addressed, but refused to tell Plaintiff the status of his employment, would not comment about his indefinite suspension or potential return to

work, and instead requested that Plaintiff resign and sign and unsolicited severance agreement waiving all legal claims in exchange for $3,200.00.[2]

34.     After Plaintiff declined to accept this agreement and waive his legal claims, he was abruptly terminated from his employment without any explanation being provided for the same.

35.     Plaintiff was, however, asked whether he had threatened an employee on March 22, 2022 during his suspension. To the extent that this allegation is used as justification for Plaintiff's termination, however, the same is entirely pretextual, as in addition to the above events: 1) Plaintiff had not made any threats, as alleged; 2) The individual who purportedly made the allegation toward Plaintiff was a Hispanic individual he had complained about treating him in a harassing and discriminatory manner on numerous occasions, including on March 22, 2022; 3) Plaintiff was permitted to finish his shift on March 22, 2022 and work for several additional days without being removed from Defendant's site,  in contrast to what would be expected had there truly been a legitimate concern of threating behavior by Plaintiff; and 4) Plaintiff had not received any prior progressive disciplinary action before being abruptly terminated.

---

[2] *See Staffieri v. Northwestern Human Servs*., 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. 2013)(an employer who offered severance at the time of termination when policies did not require upon condition of waiving claim supported finding of pretext among other facts); *Bartlett v. NIBCO Inc*., 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)(finding that a severance agreement offered contemporaneously to when the employee was terminated was "probative on the issue of whether NIBCO's motive for terminating Bartlett was [false]."); *EEOC v. Republic Servs., Inc*., 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by Fed.R.Evid. 408); *Brandy v. Maxim Healthcare Servs., Inc*., 2012 WL 5268365, at *2 (N.D. Ind. 2012)(holding that severance agreements offered at the time of termination do not fall under Rule 408 because they are offered before a dispute arises, regardless if the employer "anticipated the severance agreement curtailing any potential future litigation.").

36.     Plaintiff believes and therefore avers that he was really suspended and ultimately terminated because of his race, disabilities, complaints of discrimination, initiation of a worker's compensation claim and/or needs/requests for reasonable medical accommodations.

**Count I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**([1] Actual/Perceived/Record of Disability Discrimination & [2] Retaliation)**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected his ability (at times) to perform some daily life activities.

39.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to time off from work and light-duty work.

40.     Shortly after apprising Defendant's management and HR department of his conditions and accommodation needs, Plaintiff's needs were disregarded and was abruptly suspended and ultimately terminated from his employment for completely pretextual reasons.

41.     Plaintiff believes and therefore avers that Defendant discriminated against him by suspending him and then ultimately terminating his employment because of: (1) his known and/or perceived health problems; (2) his record of impairment; and/or (3) his requested medical accommodations, which constitutes unlawful retaliation.

42.     These actions as aforesaid constitute violations of the ADAAA.

**Count II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff believes and therefore avers that he was suspended and terminated from Defendant because of his race and/or because he complained of racial discrimination to Defendant's management and HR department.

45.     Plaintiff was also subjected to a hostile work environment during his period of employment due to his race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

46.     Plaintiff complained of racial discrimination to Defendant's management and HR department; however, they failed to properly investigate or resolve Plaintiffs concerns in any meaningful way and Plaintiff continued to be subjected to racial discrimination.

47.     These actions as aforesaid constitute violations of Title VII.

**Count III**
**Violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981")**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Upon information and belief, Plaintiff was terminated from Defendant because of his race and/or because he complained of racial discrimination to Defendant's management and HR department.

50.     Plaintiff was also subjected to a hostile work environment during his period of employment due to his race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

51.    Plaintiff complained of racial discrimination to Defendant's management and HR department; however, they failed to properly investigate or resolve Plaintiffs concerns in any meaningful way and Plaintiff continued to be subjected to racial discrimination.

52.    These actions as aforesaid constitute violations of Section 1981.

**Count IV**
**<u>Common-Law Wrongful Discharge</u>**
**(Public Policy Violation)**

53.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.    Upon information and belief, Plaintiff was terminated in substantial part for making a claim for worker's compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

55.    It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania.  *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc*., 584 Pa. 297, 883 A.2d 511, 516 (2005).

56.    These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Timothy S. Seiler, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated:  August 24, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Raheem Nelson | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Beyond Meat, Inc. d/b/a Beyond Meat | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)


| 8/24/2022 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___4903 Eland Downe, Phoenixville, PA 19460___

Address of Defendant: ___119 Standard Street, El Segundo, CA 90245___

Place of Accident, Incident or Transaction: ___Defendants place of business___

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___8/24/2022___          _____          ___ARK2484 / 91538___
                                              *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf___ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___8/24/2022___          _____          ___ARK2484 / 91538___
                                              *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NELSON, RAHEEM

**(b)** County of Residence of First Listed Plaintiff _____Chester_____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

BEYOND MEAT, INC. D/B/A BEYOND MEAT

County of Residence of First Listed Defendant ____Los Angeles____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | **X** 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); TITLE VII (42USC2000); SECTION 1981 (42USC1981)
Brief description of cause:
Violations of the ADA, TITLE VII, SECTION 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    8/24/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

| Print | Save As... | Reset |